HARNISCHFEGER CORPORATION, a Delaware Corporation, and Koehring Company, a Wisconsin Corporation, and The Warner & Swasey Company, an Ohio Corporation, Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and Douglas M. Costle, the Administrator of the Environmental Protection Agency, Defendants.

Civ. A. No. 79–C–179.

United States District Court,
E. D. Wisconsin.

June 9, 1981.

Andrew O. Riteris and K. Thor Lundgren, Milwaukee, Wis., for plaintiffs Harnischfeger and Koehring; Toni Lee Bonney, Michael, Best & Friedrich, Milwaukee, Wis., of

counsel; George B. Knight, Milwaukee, Wis., of counsel for plaintiff Harnischfeger; Charles W. Walton, and Ralph C. Camp, Brookfield, Wis., of counsel for plaintiff Koehring.

Ridgway M. Hall, Jr., and David R. Case, Crowell & Moring, Washington, D. C., for plaintiff Warner & Swasey; Woods King, Jr., Cleveland, Ohio, of counsel.

Joseph P. Stadtmueller, U. S. Atty., by Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis.; Raymond W. Mushal, Atty., Pollution Control Section, Land and Natural Resources Div., Dept. of Justice, Samuel I. Gutter, Atty., Air, Noise & Radiation Div., E. P. A., Washington, D. C., for defendants.

REYNOLDS, Chief Judge.

This is an action for declaratory relief arising under the Noise Control Act of 1972, 42 U.S.C. §§ 4901–4918, and certain of the regulations enacted by the defendant Administrator of the Environmental Protection Agency ("EPA"), specifically, 40 C.F.R. Part 205, Subparts A and B, dealing with transportation equipment noise emission controls.

The plaintiffs are machine manufacturers. On February 9, 1979, plaintiffs were ordered by the defendant EPA, pursuant to 40 C.F.R. § 205.54, to perform noise emission control tests on certain types of mobile construction equipment manufactured by them. The plaintiffs seek a declaration that the types of equipment at issue are not subject to regulation under 40 C.F.R. Part 205. The defendants have counterclaimed, pursuant to 42 U.S.C. § 4910(c), for enforcement of the test orders.

The action is presently before the court on cross-motions for summary judgment. For the following reasons the plaintiffs' motion will be granted and the defendants' motion will be denied.

*The Regulatory Scheme*

Subpart B of 40 C.F.R. Part 205 is entitled "Medium and Heavy Trucks." Section 205.50 provides that the subpart is applicable to:

"(a) * * * any vehicle which has a gross vehicle weight rating (GVWR) in excess of 10,000 pounds, which is capable of transportation of property on a highway or street and which meets the definition of the term 'new product' in the Act.

"(b) The provisions of the subpart do not apply to highway, city, and school buses or to special purpose equipment which may be located on or operated from vehicles. * * * For purposes of this regulation special purpose equipment includes, but is not limited to, construction equipment, * * *."

The definitional section, 205.51, provides in relevant part that:

"(29) 'Vehicle' means any motor vehicle, machine or tractor, which is propelled by mechanical power and capable of transportation of property on a street or highway and which has a gross vehicle weight rating in excess of 10,000 pounds and a partially or fully enclosed operator's compartment."

The section also provides that:

"(12) 'Capable of Transportation of Property on a street or highway' means that the vehicle:

"(i) Is self propelled and is capable of transporting any material or fixed apparatus, or is capable of drawing a trailer or semi-trailer;

"(ii) Is capable of maintaining a cruising speed of at least 25 mph over level, paved surface;

"(iii) Is equipped or can readily be equipped with features customarily associated with practical street or highway use, such features including but not being limited to: A reverse gear, and a differential, fifth wheel, cargo platform or cargo enclosure, and

"(iv) Does not exhibit features which render its use on a street or highway impractical, or highly unlikely, such features including, but not being limited to, tracked road means, an inordinate size or features ordinarily associated with combat or tactical vehicles."

Plaintiffs manufacture construction equipment which is designed to be mobile

both at the construction site and between sites on the highway. They concede that their equipment at issue in this case meets the specifications of 40 C.F.R. § 205.-51(12)(ii)–(iv), but argue that it is not "capable of transporting any material or fixed apparatus" within the meaning of subsection (i), because the equipment is designed as a unit and the construction portion is not transported on the vehicle portion, but the two are instead an integral machine. Plaintiffs also argue that 40 C.F.R. Part 205 is intended to apply only to trucks. Defendants argue that the plaintiffs' equipment consists of a usual nonmobile piece of construction equipment mounted on a mobile frame, which is a vehicle capable of transporting a fixed apparatus, i. e., the construction equipment. Defendants also argue that since plaintiffs' equipment fits literally within the definitions contained in Subpart B of Part 205, the Court should not look beyond the language of the regulations to determine their applicability.

*Jurisdiction*

A threshold issue in this case to which the parties have devoted much attention is the court's subject matter jurisdiction to hear the case. Both sides agree that the court has general federal question jurisdiction under 28 U.S.C. § 1331 to decide whether the regulations on their face apply to plaintiffs' products. Plaintiffs argue in addition, and defendants contest, that the court has jurisdiction under § 1331 and the Declaratory Judgment Act, 28 U.S.C. § 2201, to decide whether the defendant Administrator complied with the statutory procedure set forth in 42 U.S.C. § 4904 and with the Administrative Procedure Act, 5 U.S.C. § 701 et seq., prior to developing and promulgating the regulations. The distinction is not significant for purposes of deciding this case.

Section 4915 of Title 42 U.S.C. provides in part that:

"(a) A petition for review of action of the Administrator of the Environmental Protection Agency in promulgating any standard or regulations under section 4905 * * * may be filed only in the United States Court of Appeals for the Dis-

trict of Columbia Circuit, * * *. * * * Action of either Administrator with respect to which review could have been obtained under this subsection shall not be subject to judicial review in civil or criminal proceedings for enforcement."

Section 4905 sets forth the types of noise emission standards for which regulations shall be proposed and the procedure for publication and promulgation of the proposed regulations. Under subsection (a)(1) the Administrator is required to publish proposed regulations for each product—

"(A) which is identified (or is part of a class identified) in any report published under section 4904(b)(1) of this title as a major source of noise[.]"

Section 4904 sets forth the procedure which the Administrator shall follow in identifying major noise sources:

"(a)(1) The Administrator shall * * * develop and publish criteria with respect to noise. Such criteria shall reflect the scientific knowledge most useful in indicating the kind and extent of all identifiable effects on the public health or welfare which may be expected from differing quantities and qualities of noise.

\* \* \* \* \* \*

"(b) The Administrator shall * * * compile and publish a report or series of reports (1) identifying products (or classes of products) which in his judgment are major sources of noise, and (2) giving information on techniques for control of noise from such products, including available data on the technology, costs, and alternative methods of noise control. * * * "

In *Chrysler Corporation v. Environmental Protection Agency*, 600 F.2d 904, 911 (D.C. Cir.1979), the Court noted that § 4915 precludes review anywhere but in the D. C. Circuit of actions taken by the Administrator under § 4905, including actions—

" * * * that although not expressly designated as a subject of review, * * * would be a reviewable action because it was taken in the course of and was a necessary prerequisite to promulgation of final * * * [regulations]. * * * "

Thus designation of a source as a "significant contributor" to pollution under the Clean Air Amendments is a necessary prerequisite to the promulgation of final emission standards. 600 F.2d at 911. Similarly, it would seem that designation of products which are a major source of noise under § 4904 is a necessary prerequisite to promulgation of noise emission standards under § 4905 and, therefore, that review of such designations is precluded except in the D. C. Circuit. This Court, therefore, cannot excuse the plaintiffs from complying with otherwise applicable regulations on the ground that the Administrator failed to comply with all of the preconditions to enactment of the regulations set forth in §§ 4904 and 4905.

■■■ On the other hand, jurisdiction over enforcement actions lies in the district courts. *Chrysler Corporation v. Environmental Protection Agency,* supra; *Atlas Copco, Inc. v. EPA,* 642 F.2d 458, 14 ERC 1904 (D.C. Cir., 1980). Plaintiffs' challenge to the applicability of the regulations arises out of the enforcement orders issued to them by the EPA.

"Only by straining the meaning of the words 'approving' and 'promulgating' could it be said that challenges to interpretations or applications of EPA regulations constitute attacks on 'the Administrator's action in approving or promulgating' any * * * [regulation]. * * *" *Utah Power & Light Company v. Environmental Protection Agency,* 553 F.2d 215, 218 n. 14 (D.C.Cir.1977).

An administrative regulation, like a statute, is subject to the normal rules of statutory construction and is to be construed to effectuate the intent of the enacting body. *Rucker v. Wabash Railroad Company,* 418 F.2d 146, 149 (7th Cir. 1969). Thus its language should be reviewed in light of the purpose which it was intended to achieve, *Atchison, Topeka and Santa Fe Railway Company v. United States,* 617 F.2d 485, 490 (7th Cir. 1980), and in so doing a Court may consider both the circumstances under which it was enacted and the object sought to be accomplished by the enacting body.

*United States v. Curtis-Nevada Mines, Inc.,* 611 F.2d 1277 (9th Cir. 1980). An agency's interpretation of a statute or regulation which it helped to develop is also persuasive evidence of the meaning of the statute or regulation. *Miller v. Youakim,* 440 U.S. 125, 99 S.Ct. 957, 59 L.Ed.2d 194 (1979); *Quern v. Mandley,* 436 U.S. 725, 98 S.Ct. 2068, 56 L.Ed.2d 658 (1978). Thus the procedure followed by the Administrator in promulgating the regulations set forth in 40 C.F.R. Part 205 is relevant to determining the intended scope of the regulations, and subsequent actions taken by the Administrator with regard to enforcement of the regulations are also relevant as evidence of his interpretation of their scope. Consideration of those two factors in this case leads to the conclusion that the regulations do not apply to the plaintiffs' mobile construction equipment.

*The Applicability of 40 C.F.R. Part 205*

According to the enforcement orders issued by the EPA, at issue in this case are certain cranes and excavators manufactured by Harnischfeger with model numbers T–145, T–150, T–180, and T–200; cranes and excavators manufactured by Koehring with Bantam model numbers T–588, T–888, T–644, and T–744, and Lorain model numbers MCH 275, MC 35H, and MCH 350; and excavators manufactured by Warner & Swasey with Gradeall model numbers G–440 and G–660.

Due to the hybrid character of the equipment at issue, it is not clear from the face of the regulations contained in 40 C.F.R. Part 205 whether they were intended to apply to the "vehicles" at issue in this case. The Title of Subpart B of the regulations states that they apply to "medium and heavy trucks," although the body of the regulations refers to "vehicles" meeting certain specifications. Defendants' enforcement orders are premised on the conclusion that plaintiffs' equipment constitutes vehicles rather than trucks, and defendants have admitted in the brief filed June 6, 1980, at page 7 n. 14, that "the term 'truck' * * * could carry different connotations." 40 C.F.R. § 205.50(a) states that the regula-

tions are applicable to any vehicle having a certain "gross vehicle weight rating (GVWR)." GVWR is defined in § 205.-51(15) as "the value specified by the manufacturer as the loaded weight of a single vehicle." According to affidavits filed by employees of the plaintiffs, because the equipment at issue is designed and manufactured as integrated machinery which does not carry a load, the equipment is not given a loaded weight value by the manufacturer but rather is given a "gross vehicle weight" (GVW), which is a term of art having a connotation distinct from GVWR in the industry. (See, e. g., Robert L. Greivell affidavit filed June 9, 1980, at ¶ 3.) In order to be a qualifying vehicle, the vehicle must also be "capable of transportation of property," 40 C.F.R. § 205.50(a), which means that it must be "capable of transporting any material or fixed apparatus," 40 C.F.R. § 205.51(12)(1). Defendants maintain that plaintiffs' equipment consists of a chassis and frame "capable of transporting" construction equipment. (Guttar affidavit filed September 21, 1979.) Plaintiffs maintain that their equipment is designed and manufactured as a single, integrated mobile machine which is not capable of carrying any other apparatus. (Greivell affidavit filed June 9, 1980, ¶ 3; Wacht affidavit filed June 9, 1980, ¶ 3.)

 If an ambiguity exists in the language of a statute or regulation, or if a literal application of the language would thwart the purpose of the enacting body, the Court may look beyond the language to determine intent. *United States v. Tex-Tow, Inc.,* 589 F.2d 1310 (7th Cir. 1978). An examination of the legislative history of these regulations and of the practical construction given to them after enactment by those charged with their administration leads to the conclusion that the regulations were not intended to cover plaintiffs' equipment.

During 1973 and 1974 the EPA hired outside consultants to study and identify major sources of noise. (Plaintiffs' Appendix II, Tabs 4–7.) The studies resulted in several reports, including a final separate report dated October 30, 1974, on "The Technology and Cost of Quieting Medium and Heavy Trucks." (Plaintiffs' Appendix II, Tab 6.) None of the plaintiffs are included in the list of manufacturers whose vehicles were studied. On February 27, 1974, the EPA published an advance notice of proposed rulemaking "for new medium and heavy duty trucks." 39 FR 7595 (Appendix II, Tab 1.) On June 21, 1974, the EPA published an "Identification of Products as Major Sources of Noise." 39 FR 22297 (Appendix II, Tab 2.) Transportation vehicles, including medium and heavy trucks over 10,000 GVWR, were identified separately from construction equipment. On October 30, 1974, the proposed regulations for medium and heavy trucks were published, identifying their subject for the first time by use of the word "vehicle." 39 FR 38338 (Appendix II, Tab 3.) On April 13, 1976, following several public hearings, the final regulations were published. 41 FR 15538 et seq. In a background document to the regulations issued by the EPA in March 1976, plaintiffs are once again not mentioned in the list of truck manufacturers whose products were studied. (Appendix II, Tab 10, pages 2–9.)

Subsequent to the promulgation of the regulations, the EPA on November 29, 1977, published a notice of interim warranty available for use by "[a]ll vehicle manufacturers subject to the truck regulation * *." 42 FR 60741 (Appendix II, Tab 11.) The notice states that "[c]opies of the letter presented below have been sent to all vehicle manufacturers subject to 40 CFR Part 205, Subpart B, * * *." None of the plaintiffs is on the list of manufacturers, nor were they notified in any other manner of the interim warranty. (Gano, Greivell, and Wacht affidavits filed June 9, 1980.)

In the meantime, on May 28, 1975, the EPA published a separate "Interim Identification of Products as Major Sources of Noise." 40 FR 23105 (Appendix II, Tab 9.) Included on the list of products identified is construction/industrial equipment, and within that category mobile cranes are listed. The notification made reference to the

proposed medium and heavy truck regulations and stated that the products now listed were among the "other candidates for possible future identification" as major sources of noise. 40 FR 23106. It also specifically identified earth moving equipment (i. e., excavators) as a major source of noise. 40 FR 23107.

In either late 1976 or 1977, all of the plaintiffs were contacted by the EPA and asked for assistance in gathering information on earth moving equipment for use in drawing up proposed noise emission control regulations. At various construction equipment trade association meetings held during 1977, representatives of the EPA appeared to discuss with the manufacturers the standards to be used in the proposed regulations. A background report was completed for the EPA in December 1977. (Appendix II, Tab 12.) In April 1978, the parties were notified that due to the reassignment of the person in charge, the rulemaking procedure for earth moving equipment was being temporarily suspended. To date, it has not been resumed and no proposed regulations have been promulgated for earth moving equipment or for mobile cranes. (Griffin affidavit filed July 9, 1980, ¶¶ 4–17 and 19; supplemental Griffin affidavit; Greivell affidavit filed June 9, 1980, ¶ 7; Wacht affidavit filed June 9, 1980, ¶ 7.)

In opposition to the legislative history the defendants have submitted affidavits filed September 24, 1979 and July 18, 1980, signed by Mr. Henry E. Thomas IV, the Director of the Standards and Regulations Division of the Office of Noise Abatement and Control of the EPA, stating that when promulgated the medium and heavy truck regulations were intended to apply to plaintiffs' mobile construction equipment while in its "transportation mode," while the subsequent regulations which were never completed were intended to apply to plaintiffs' equipment in its "operational on-site" or nontransportation mode. Defendants also point to the enforcement orders and preceding correspondence between the EPA and the parties as evidence of the agency's intent that the regulations cover plaintiffs' equipment.

The affidavits and other materials submitted by the EPA are singularly unpersuasive in light of the substantial amount of contrary objective evidence contained in the legislative history, itself created for the most part by the EPA, which the plaintiffs have submitted. While the interpretation given to a regulation by the agency charged with its enforcement is generally persuasive of the meaning of the regulation, that is so only if the interpretation "has a reasonable basis in law." *American Trucking Associations, Inc. v. United States*, 602 F.2d 444, 450 (D.C.Cir.1979), cert. denied 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420. The EPA's current interpretation of the regulations at issue in this case does not have a reasonable basis. Furthermore, its current interpretation is not consistent with its own prior interpretation of the regulations during the rulemaking proceedings and subsequent to them in its identification of truck manufacturers, not including the plaintiffs, subject to the regulations, and in its initiation of separate rulemaking proceedings for construction equipment, including mobile cranes and excavators. There is no evidence in the legislative history to support defendants' current differentiation of the transportation and nontransportation modes of plaintiffs' equipment. In sum, a Court is not obliged to, and in this case will not, defer to an agency's administrative construction of a regulation or statute if there are, as there are in this case, compelling reasons why the agency's construction is wrong. *Atchison, Topeka and Santa Fe Railway Company v. United States*, 617 F.2d 485 (7th Cir. 1980).

### ORDER

For the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion for summary judgment is granted, and the defendants' motion for summary judgment is denied.

IT IS FURTHER ORDERED that judgment be entered dismissing the defendants' counterclaim with prejudice; declaring that the regulations contained in Subparts A and

B of 40 C.F.R. Part 205 are inapplicable to the mobile construction equipment which the plaintiffs manufacture; and enjoining the defendants, their agents, and employees from ordering plaintiffs to comply with any of the provisions of 40 C.F.R. Part 205 with respect to plaintiffs' mobile construction equipment identified in the attachments to their amended complaint.